**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| RUNWAY TOWING CORP., | : |
| | : Case No.: 25-41030 (NHL) |
| Debtor. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
JOSEPH BAVARO AS EMPLOYEE CLASS REPRESENTATIVE
FOR AN ORDER APPLYING FED. R. CIV. P. 23 TO THE CLASS PROOF
OF CLAIM FILED [CLAIM NO. 22] AND CERTIFYING THE CLASS,
AND IN THE ALTERNATIVE EXTENDING THE BAR DATE
FOR CLASS MEMBERS TO FILE CLAIMS**

Joseph Bavaro (the "Class Representative"), the court-appointed class representative in *Joseph Bavaro, et al. v. Runway Towing Corp., et al, New York Supreme Court, New York County, Index No. 653444/2022)* (the "NY State Court Action"), by his attorneys, submits this memorandum of law in support of the Class Representative's motion for entry of an order (1) pursuant to Rules 9014 and 7023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy rules") applying Federal Rule of Civil Procedure ("Federal Rule") 23 to the class proof of claim filed on June 4, 2025, claim number 22, (2) certifying, pursuant to Federal Rule 23(b)(3), the same class previously certified by the Hon. Gerald Lebovits, J.S.C. ("Judge Lebovits") in the NY State Court Action, (3) in the alternative extending the bar date for class members to file claims, and (4) for such other relief as determined by the Court.

**I. Jurisdiction**

This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## II. Background

The following facts are derived from the certifications of Gary Rosen (the "Rosen Certification") and Jonathan Bodner (the "Bodner Certification") submitted herewith and which are incorporated herein by reference.

The Class Representative is one of eight (8) named "Employee Plaintiffs" who were previously employees of the debtor as tow truck drivers and who brought the NY State Court Action as a collective action and a class action on behalf of the Employee Plaintiffs themselves for, *inter alia*, the debtor's failure to pay the Employee Plaintiffs their wages for time worked, overtime wages, spread of hours wages and failure to pay payroll taxes to the Internal Revenue Service and the New York State Department of Taxation and Finance for all hours that the Employee Plaintiffs worked for the debtor. [Rosen Cert, ¶ 3].

The NY State Court Action is brought by the Employee Plaintiffs individually and on behalf of all other persons similarly situated who were employed by the debtor between September 1, 2016 to the present date. [Rosen Cert, ¶ 3].

The Employee Plaintiffs moved for class certification in the NY State Court Action and class certification to the Employee Plaintiffs' class, and related relief, was granted by Judge Lebovits by Decision and Order dated November 25, 2024, which included the designation of Joseph Bavaro as the Employee Class representative. [Rosen Cert, ¶¶ 5, 10, 11, 12, 13, 14, 15 and 16].

The potential employee class members include / are estimated to be numerous current and former employees of the debtor from six years prior to the initiation of the NY State Court Action until and including the present date, as the debtor substantially operated major parkways and thoroughfares in the City of New York pursuant to, *inter alia,* exclusive permits and no-bid contracts issued by the City of New York and the New York Police Department to, among other

things, provide the only roadside assistance and towing services to the millions of motorists driving on the (1) the Brooklyn Queens Expressway, from the Queens side of the Kosciusko Bridge to Clinton Street, in Brooklyn; (2) the Cross Island Parkway (Entire Cross Island Parkway) in Queens; (3) the Gowanus Expressway and Prospect Expressway in Brooklyn; (4) the Belt Parkway from 65th Street to Rockaway Parkway in Brooklyn; (5) the Belt Parkway from Rockaway Parkway in Brooklyn to the Laurelton Parkway and Conduit overpass and Queens Nassau Expressway in Queens; (6) the entire Staten Island Expressway and West Shore Expressway in Staten Island; and (7) Richmond Parkway and Dr. Martin Luther King Jr. Expressway in Staten Island for over 12 consecutive years. [Rosen Cert, ¶ 6].

However, prior to the debtor providing required information to the Employee Plaintiffs to serve notice to former debtor employes who could otherwise join the class, the debtor commenced this chapter 11 case on February 28, 2025 (the "Petition Date") [Rosen Cert, ¶ 8; Bodner Cert, ¶ 3.a]

The debtor did not list the NY State Court Action, the Class Representative, any other plaintiffs in the NY State Court Action, or former employees of the debtor (potential class members), on its bankruptcy petition schedules, statement of financial affairs, or creditor matrix filed at docket number 1. [Bodner Cert, ¶ 3.b]

The Notice of Chapter 11 Bankruptcy case with list of Notice Recipients filed at docket number 5 does not include the Class Representative, any other plaintiffs in the NY State Court Action, or former employees of the debtor. [Bodner Cert, ¶ 3.c]

The Debtor's Amended Creditor Matrix filed at docket number 19 does not include the Class Representative, any other plaintiffs in the NY State Court Action, or former employees of the debtor. [Bodner Cert, ¶ 3.d]

3

The Debtor's Amended Creditor Matrix filed at docket number 24 list approximately 10 individuals but does not indicate whether they are former employees of the debtor or potential employee class members. [Bodner Cert, ¶ 3.e]

On April 6, 2025, the Court entered an Order at docket number 27 (the "Bar Date Order") that established June 5, 2025 as the general bar date for filing proofs of claim arising prior to the Petition Date, and that required the debtor to serve the notice of bar date annexed to the Bar Date Order, by first class mail, at least 55 days prior to June 5, 2025, upon, among others, all creditors and other known holders of claims as of the date of the Bar Date Order, and all parties to litigation with the debtor (if applicable). [Bodner Cert, ¶ 3.f]   The Declaration of Mailing Certificate of Service filed at docket number 28 for service of the bar date notice lists approximately 10 individuals, and does not indicate whether they are former employees of the debtor or potential employee class members.  [Bodner Cert, ¶ 3.g]

Similarly, the Declarations of Mailing Certificates of Service filed at docket number 32 for the debtor's motion to extend exclusivity, filed at docket number 35 for Shenwick & Associates' first fee application, and filed at docket number 43 for the notice of adjourned Shenwick & Associate's fee application hearing, each list approximately 10 individuals and do not indicate whether they are former employees of the debtor or potential employee class members. [Bodner Cert, ¶ 3.h]

On April 30, 2025 the debtor filed a motion to extend exclusivity at docket number 31, stating that the debtor commenced a lawsuit against the City of New York and others on September 19, 2024 in the New York Supreme Court, *Index number 158703/2024*, the lawsuit is in its early stages, proceeds from the lawsuit will be used to fund the debtor's plan of reorganization, and the debtor will not be able to file a plan or fund a plan without the lawsuit proceeds.  [Bodner Cert, ¶ 3.i]

On June 2, 2025, the Court entered an Order at docket number 45 extending the debtor's exclusive period for filing a plan to November 25, 2025 and the debtor's exclusive period for soliciting acceptances of a plan to January 24, 2026. [Bodner Cert, ¶ 3.j]

On June 4, 2025, the Class Representative filed the Class Claim, claim number 22. [Bodner Cert, ¶ 4]

### III. Legal Argument

#### A. Federal Rule 23 Should Be Applied To The Class Representative's Proof Of Claim, And The Class Should Be Certified

Bankruptcy Rule 7023 expressly allows class certification in adversary actions by incorporating Federal Rule 23. *See* Bankruptcy Rule 7023. Application of Federal Rule 23 is extended to contested matters by Bankruptcy Rule 9014, which grants the Court discretion to apply Federal Rule 23 to contested matters, including claims objections. *In re Kaiser Grp. Int'l, Inc.,* 278 B.R. 58, 62 (Bankr. D. Del. 2002); *see also In re Worldcom, Inc.,* 2005 WL 3832063, at *2 (Bankr. S.D.N.Y. May 11, 2005) ("Certification of a class claim pursuant to Bankruptcy Rule 7023 is within the discretion of [the] Court.").

Classes certified prepetition "are the best candidates" for a class proof of claim. *In re Sacred Heart Hospital Of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995).

Whether class treatment is sought through the filing of an adversary proceeding, or through a class proof of claim, "the substantive inquiry is the same." *In re Connaught Group, Ltd.*, 491 B.R. 88, 93 (Bankr. S.D.N.Y. 2013) (granting class certification). *See also In re MF Global, Inc.*, 2014 WL 3543475, at *2 (Bankr. S.D.N.Y. July 17, 2014) (holding Federal Rule 23 applicable to claims of a class of employees for unpaid vacation time, wages and benefits, and directing that those claims "should be asserted in proofs of claim … rather than in an adversary proceeding").

"[T]he proponent of a class claim must (1) make a motion to extend the application of Rule 23 to some contested matter, (2) satisfy the requirements of Rule 23, and (3) show that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy." *In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007).

As set forth, the Class Representative submits that all of these requirements are met.

### 1. The Class Representative Has Made A Motion To Extend The Application Of Federal Rule 23 To The Class Proof Of Claim

By making the instant motion, the Class Representative has satisfied the first requirement for filing a class proof of claim. Courts have taken conflicting views as to whether a motion to permit a class proof of claim in bankruptcy can be brought prior to an objection to the claim. One view is that the motion to apply Federal Rule 23 must await a claim objection. *In re Charter Co.*, 876 F.2d 866, 874 (11th Cir. 1989), *cert. dismissed*, 496 U.S. 944 (1990); *Musicland*, 362 B.R. at 651, *citing Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997). However, "[o]ther courts have taken the more practical view that the class representative can move at any time for a declaration that it may file a class proof of claim." *Musicland*, 362 B.R. at 651-52. Notwithstanding the conflicting views, the Class Representative brings this motion now, by the present June 5, 2025 bar date established, and to allow the motion to be addressed early in this bankruptcy case.

### 2. Judge Lebovits Has Already Certified The Class Under NY CPLR §§ 901(a) And 902, Similar To Federal Rule 23(a) And (b)(3)

*Musicland*'s second requirement for permitting a class proof of claim is that the proposed class must "satisfy the requirements of Rule 23." *Id*. at 651.

Federal Rule 23(a) requires that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;

6

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Federal Rule 23(b) provides that a class action may be maintained if Federal Rule 23(a) is satisfied and if,

> . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Similar to Federal Rule 23(a), NY CPLR 901(a) requires a showing of the following 5 factors:

a. Numerosity: The class is so numerous that joinder of all members is impracticable;
b. Commonality: Questions of law or fact affecting the class as a whole predominate over questions of law or fact affecting individual class members;
c. Typicality: The claims or defenses of the class representatives are typical of those of the class;
d. Adequacy: The class representatives will fairly and adequately protect the interests of the class;
e. Superiority: A class action is the superior method for adjudicating the controversy

See also, *Pludeman v. Northern Leasing Sys., Inc.*, 74 AD3d 420, 420-422 (1st Dept 2010).

Similar to Federal Rule 23(b)(3), once CPLR § 901 criteria are met, courts then "consider the additional factors promulgated by CPLR § 902, such as the individual class members' interest in maintaining separate actions and the feasibility thereof; the existence of pending litigation regarding the same controversy; the desirability of the proposed class forum; and the difficulties likely to be encountered in managing the class action." *Id.* at 422, citing *Ackerman v Price Waterhouse*, 252 AD2d 179, 191 (1st Dept 1998) and CPLR § 902.

The issue of whether to grant certification was briefed in the NY State Court Action,[1] and Judge Lebovits entered an order certifying the employee class.

The Class Representative submits that since Judge Lebovits has already determined that the class met the requirements of CPLR §§ 901(a) and 902, which are similar to Federal Rule 23(a) and (b)(3), this case is among "the best candidates" for a class proof of claim. *In re Sacred Heart Hospital Of Norristown*, 177 B.R. at 22.

Indeed, bankruptcy courts have held that a prior determination of class certification in a nonbankruptcy forum is binding on the debtor under the principles of res judicata and collateral estoppel. *In re Livaditis*, 122 B.R. 330, 334-35 (Bankr. N.D. Ill. 1990) (District Court order granting class certification under Federal Rule 23 had collateral estoppel effect in bankruptcy court); *In re Sacred Heart Hospital Of Norristown*, 177 B.R. at 22 (noting that a prior determination that Federal Rule 23's requirements have been met in a nonbankruptcy forum "may even be deemed *res judicata*").

Therefore, the Class Member submits that this Court should similarly hold that the factors for class certification are met.

### 3. The Benefits Derived From The Use Of The Class Claim Device Are Consistent With The Goals Of Bankruptcy

*Musicland*'s third requirement for permitting a class proof of claim is that "the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy." 362 B.R. at 651.

---

[1] The Employee Plaintiffs argued in support of their motion to approve class certification in the NY State Court Action that Courts have continuously upheld class certification pursuant to CPLR § 901 and CPLR § 902 in cases arising from violations of New York's Labor Law when the plaintiffs satisfied the prerequisites for class certification under CPLR §§ 901 and 902, citing *Galdamez v Biordi Constr. Corp.*, 50 AD3d 357, 358, 855 N.Y.S.2d 104 (1st Dept 2008). The Employee Plaintiffs further argued in support of their motion to approve class certification in the NY State Court Action that Courts have also upheld class certification pursuant to CPLR §§ 901 and 902 in cases arising from tow truck overcharges, citing *Yusuf v. City of NY*, 309 AD3d 721, 721 (1st Dept 2003).

"The filing of a class proof of claim is consistent with the Bankruptcy Code generally in two principal situations: (i) where a class has been certified pre-petition by a non-bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members of the bankruptcy case and Bar Date." *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 620 (Bankr. S.D.N.Y. 2009).

Both of these circumstances are present here.

As set forth above and in the Rosen Certification, the class was certified by Judge Lebovits prior to the Petition Date.

As set forth above and in the Bodner Certification, the bankruptcy docket does not reflect that the debtor has provided actual or constructive notice of the bankruptcy filing or the June 5, 2025 bar date to the debtor's former employees or potential employee class members. *See* the Bodner Certification, ¶¶ 3.b., 3.c., 3.d, 3.e., 3.f., 3.g. and 3.h.

Furthermore, applying Federal Rule 23 to the Class Representative's class proof of claim will, and the procedures thereunder, will further determine the debtor's aggregate liability from the class. And, applying Federal Rule 23 to the Class Representative's proof of claim will not cause undue delay in the administration of the case, where the debtor has not yet filed a chapter 11 plan, just recently obtained an extension of the exclusivity periods, and represented in its motion to extend exclusivity that it will not be able to file a plan until its state court action commenced in 2024 against the City of New York (and others) is resolved, with plan funding contingent on the outcome of that litigation. *See* the Bodner Certification, ¶¶ 3.i. and 3.j.

**B. In The Alternative, The Bar Date For Class Members To File Claims Should Be Extended**

Bankruptcy Rule 3003(c)(3) allows a court to extend the bar date for filing proofs of claim in a chapter 11 case for cause shown.[2] *See, In re RML, LLC*, 657 B.R. 709, 718 (Bankr. S.D.N.Y. 2023).

In addition, Courts in this Circuit and others have held that if a class representative timely files an adversary proceeding or class proof of claim, and the Court denies a motion to certify the class, it should set a reasonable bar date to allow the members of the putative class to file individual claims. *In re MF Glob. Inc.*, 512 B.R. 757, 764–65 (Bankr. S.D.N.Y. 2014); *In re Connaught*, 491 B.R. at 97; *In re TWL Corp.,* 712 F.3d 886, 899 (5th Cir. 2013); *Gentry v. Siegel,* 668 F.3d 83, 91 (4th Cir.2012).

Further, any requirement for class members to submit individual claims is tolled by the pendency of a class proof of claim filed by a class representative. *See, e.g.*, *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-54 (U.S.1974) (holding the filing of a class action suit tolls the running of the statute of limitations for all purported class members); *In re MF Global, Inc.*, 2014 WL3543475, at *4 ("the same tolling rule that applies generally to class actions also applies in bankruptcy, tolling the bar date for members of the putative class."); *In re Connaught*, 491 B.R. at 97-98, *quoting American Pipe* at 551 ("class members are not required to show that they relied on the class adversary proceeding (or class proof of claim), and penalizing the class

---

[2] Bankruptcy Rule 3003(c)(3) provides: "The court must set the time to file a proof of claim or interest and may, for cause, extend the time. If the time has expired, the proof of claim or interest may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (3), (4), and (7)." Bankruptcy Rule 3002(c)(7) provides: "On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file."

members for failing to file individual claims prior to the bar date would result in 'precisely the multiplicity of activity which Rule 23 was designed to avoid.'")

The Class Representative submits that, in the event this Court does not permit the Class Claim here, this Court should extend the bar date for potential employee class members to receive notice from the debtor and a reasonable time thereafter to file claims.

### IV. Conclusion

WHEREFORE, the Class Representative respectfully request that the Court grant the relief requested herein, and such other and further relief as is just and appropriate.

Respectfully submitted,

Dated: June 5, 2025

BODNER LAW PLLC

By: */s/ Jonathan S. Bodner*
Jonathan S. Bodner, Esq. (JB-2399)
55 Cherry Lane, Suite 101
Carle Place, New York 11514
(T) (516) 444-3923
jbodner@bodnerlawpllc.com
*Attorney for Joseph Bavaro as Employee Class Representative*